UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                                                   CRIMINAL ACTION NO. 3:12-CR-119-GNS

DONTRAE THOMAS                                                       DEFENDANT

## REPORT AND RECOMMENDATION

This matter comes before the Magistrate Judge for a report and recommendation
regarding the motion of Defendant Dontrae Thomas, who asks the Court to reopen a suppression
hearing held on March 23, 2015 (DN 42).  The hearing was held in response to a motion to
suppress from evidence a .45 caliber Astra semi-automatic handgun seized from Thomas at the
time of his arrest on Aug. 22, 2012 outside a Kroger grocery store located on Bardstown Rd. in
Louisville, Kentucky.  As a result of the seizure of the handgun, Thomas was indicted for being a
convicted felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(e).  (DN
1).  Thomas argued with assistance of counsel, Frank Mascagni, that at the time of his arrest
pursuant to an outstanding arrest warrant, the arresting officers lacked specific and articulable
facts sufficient to believe that he was the same individual named in the warrant when they seized
him (DN 27).

*The Detention Hearing Testimony and Ruling*

Louisville Metro Police Department (LMPD) Officer Shelby Sears testified at the hearing
(DN 42, pp. 3-59).  The substance of Sears' hearing testimony is set forth in detail in the report
and recommendation of the Magistrate Judge (DN 57, pp. 1-6).  Essentially, Sears testified that
law enforcement agents acting based upon information provided by a confidential informant

followed a specific vehicle to the Kroger parking lot where Sears observed Thomas seated in the vehicle through its open, rear driver's side window (*Id.*).  Based on mugshots and recent photographs obtained from Thomas's own iPad, Sears positively identified Thomas as being the subject of the outstanding warrant prior to arresting him (*Id*).

The Magistrate Judge concluded in his recommendation that the testimony of Sears fully satisfied the reasonable suspicion standard of *Terry v. Ohio*, 392 U.S.1 (1968)., explaining that "Officers Sears and Sutton had ample information at the time they approached Defendant Thomas on August 22 to support a reasonable suspicion that the individual seated in the rear driver's side of the tan Cadillac was the same individual named in the arrest warrant that they were executing."  (DN 57, p. 10).  In reaching this conclusion, the Magistrate Judge specifically addressed and distinguished the facts of *United States v. Hudson*, 405 F.3d 425, 432 (6th Cir. 2005), a case substantially relied upon by Thomas in both his prehearing and post-hearing arguments in support of suppression (*Id*. 11-14).


*Post-Hearing Motions*

On Sept. 9, 2015, within 14 days after the Magistrate Judge entered his findings of fact and conclusions of law, Thomas filed a *pro se* motion in which he protested the manner in which attorney Mascagni had handled the suppression hearing and requested that Mascagni be replaced. (DN 58, 59).  The District Court ordered that the motion be filed under seal and that it be construed as a motion to appoint counsel, which the District Court referred to the Magistrate Judge for a hearing (DN 59).  An ex parte hearing was held on Oct. 2, 2015 (DN 63).  The Magistrate Judge at that time granted the motion of attorney Mascagni to withdraw as counsel of record.

2

Assistant Federal Defender Patrick Bouldin entered his appearance on behalf of Thomas the following day (DN 63, 64).  Ten days later on Oct. 15, 2015, the District Court entered an order that adopted the findings of fact and conclusions of law filed by the Magistrate Judge (DN 65).  No objections were filed by Defendant Thomas to the report, nor did either of Thomas's counsel seek an extension in which to do so.  After the District Court adopted the report and recommendation in its entirety (DN 65), it held a telephonic status conference the following month on Nov. 30, 2015.  The District Court afforded the parties a final opportunity to file "any motions relating to suppression issues…."  (*Id.*).  Thereafter, Thomas, with the assistance of his current counsel, filed the motion to reopen the suppression hearing mentioned above (DN 69).  The motion now has been fully briefed (DN 73, 75).

Thomas in his motion to reopen argues that his prior attorney failed to subpoena certain witnesses or to develop certain relevant facts for the suppression hearing.  More particularly, he argues that Shawanda Carter, a passenger in the tan Cadillac followed by police that day, and a witness at the suppression hearing, should have been asked by attorney Mascagni whether the rear window of the Cadillac was rolled up or down at the time that Officers Sears and Sutton approached.  Thomas maintains that Carter would testify that the rear window was rolled up and that the windows of the car were tinted such that the officers could not have seen the occupants of the Cadillac, much less identify Thomas, prior to removing him from the vehicle.  Thomas likewise maintains that the owner of the Cadillac, Tony Carter, should have been called to testify, and would have confirmed, that the windows of the vehicle were tinted.

Thomas next maintains that Mascagni should have called ATF Agent Michael McGrath to testify at the suppression hearing, given that the interview statement made by Officer Sears to McGrath indicates, contrary to the suppression hearing testimony of Sears, that law enforcement

3

officers watched as an individual matching Thomas's description left the Kroger store and entered the aforementioned Cadillac.  Thomas argues that the statements made by Sears to Agent McGrath directly contradict Sears' testimony that he first observed Thomas seated inside the Cadillac outside in the Kroger parking lot.

Likewise, Thomas maintains that Mascagni should have called LMPD Det. Chauncey Carthan to testify, given that Carthan was at the scene of the arrest, and more importantly, claimed to have been in contact with a confidential informant who was providing information that Thomas was traveling in the Cadillac; when in fact, Thomas did not enter the Cadillac until after it had arrived at the parking lot that morning.

Thomas maintains that obtainable "cell tower data"  from the two cellular telephones in his possession at the time of his arrest, if introduced into evidence, would have confirmed that Thomas was never in the West End of Louisville on the day of his arrest, contrary to the testimony offered by Sears at the suppression hearing.  Based on these facts, Thomas now asks that the Court exercise its discretion to reopen the suppression hearing arguing that they cast reasonable doubt on the report and recommendation adopted by the District Court without objection.  *See, United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2004) (*reversed on other grounds, Carter v. United States*, 543 U.S. 1111 (2005)).

Given the timeliness of the motion, the character of the omitted testimony, and the absence of any prejudice to the United States by the entry of an order to reopen the suppression hearing, particularly where the Defendant maintains that the omitted evidence was due solely to the ineffective assistance rendered by his prior counsel, Defendant Thomas now asks that the hearing be reopened so that the Court may take additional evidence.  *See, United States v. Holland*, 522 Fed. Appx. 265, 270 (6th Cir. 2013).

4

*Conclusions of Law*

Although the District Court has the discretion to order that a suppression hearing be reopened, precedent in the Sixth Circuit clearly holds that "It should be 'extremely reluctant' to do so." *United States v. Baker*, 562 Fed. Appx. 447, 450 (6th Cir. Apr. 14, 2014) (citing *United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1111 (2005) (citing *United States v. Kithcart*, 218 F.3d 213, 219-20 (3rd Cir. 2000) ("Courts should be extremely reluctant to grant reopenings").

Here, consideration of the factors set forth in *Carter* persuades the Court that no adequate justification has been offered to reopen the suppression hearing. First, the motion to reopen is not timely when one considers that the suppression hearing was held nearly a year ago now on March 23, 2015 (DN 42). Ample time existed for Defendant Thomas to put the Court on notice of the alleged deficiencies in his suppression hearing prior to Dec. 21, 2015, the date on which his current counsel filed a motion to reopen (DN 69). *See, United States v. Blankenship*, 775 F.2d 735, 740 (6th Cir. 1985) (setting forth the factors to be considered on a motion to reopen). Thomas offers no reasonable explanation for this extraordinary delay. *See, Untied States v. White*, 455 Fed. Appx. 647, 451 (6th Cir. 2012).

Additionally, the character of the proposed testimony, for the most part, would not have affected the outcome of the hearing. Much, if not all, of the proffered testimony relates to alleged events that occurred *prior* to Thomas's arrest in the Kroger parking lot. In other words, whether or not Thomas was transported to the parking lot in the tan Cadillac simply is irrelevant to the ultimate issue of whether Officers Sears and Sutton had a reasonable suspicion that he was the individual seated in the rear of the Cadillac at the time they approached it.

Likewise, the introduction of cellphone tower tracking data simply does not bear on the determinative question. Whether Thomas was in the west end of Louisville prior to his arrest at the Kroger parking lot has no bearing on the constitutional issues resolved by the Magistrate Judge. The potential introduction of the testimony of additional law enforcement agents, ATF Agent McGrath and LMPD Detective Carthan likewise does not reach the determinative issue, which simply stated is whether Sears and Sutton were able to make a positive identification of Thomas prior to removing him from the vehicle - - a question that was directly addressed at the suppression hearing.

Officer Sears testified that the driver's side rear window was down and that he was able to clearly identify Thomas, who was not disguised or obscured in any fashion. Thomas had available to testify at the suppression hearing Shawanda Carter, who was called and did testify concerning the circumstances of Thomas's arrest. Despite her presence on the witness stand, neither attorney involved in the hearing asked Carter whether the rear window on the driver's passenger side was up or down at the time of the arrest. This omission certainly does not justify reopening the hearing. Any such testimony now could not be characterized as being new evidence, given the availability of Carter to answer this question when she took the witness stand at the first hearing in March of 2015.

In sum, Thomas has failed to show the type extraordinary circumstances that would justify reopening the prior suppression hearing, nor is the Court able to construe his present motion to reopen as being objections to the original report and recommendation of the Magistrate Judge. That report and recommendation was adopted by order of the District Court, without objection, on Oct. 15, 2015 (DN 65). Consequently, the time for objections is now long past. At most, it appears that Thomas at some future point may elect to proceed upon his theory of

ineffective assistance of trial counsel by way of a post-conviction motion to vacate, set aside or correct under 28 U.S.C. §2255.  For the present, however, Thomas has not demonstrated that he is entitled to have the suppression hearing reopened.


*Recommendation*

For all of the above-stated reasons, it is recommended that the motion to reopen the suppression hearing be **DENIED**.


<u>**NOTICE**</u>

Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived.  *Thomas v. Arn,* 474 U.S. 140, 150-51 (1985); 28 U.S.C. § 636(b)(1)(c); Fed. R. Crim. P. 59(b)(2); Fed. R. Civ. P. 72(b).


Copies to Counsel of Record