UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:12-CR-00119-GNS

UNITED STATES OF AMERICA                                                                     PLAINTIFF

v.

DONTRAE M. THOMAS                                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objections to the Magistrate Judge's Findings, Conclusions of Law, and Recommendations Regarding Motion to Reopen Suppression Hearing (DN 78) and on Defendant's Motion for Extension of Time (DN 79). For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **OVERRULES** Defendant's Objections. Therefore, Defendant's Motion to Reopen Suppression Hearing (DN 69) and Defendant's Motion for Extension of Time (DN 79) are **DENIED**.

### I.     SUMMARY OF FACTS AND CLAIMS

This matter arises from the arrest of Thomas pursuant to multiple outstanding warrants. (Pl.'s Resp. to Mot. to Suppress 1, DN 29 [hereinafter Pl.'s Resp.]). In August 2012, members of the U.S. Marshall's fugitive task force were assigned to locate and arrest Defendant Dontrae M. Thomas ("Thomas"). (Pl.'s Resp. 1). The task force obtained background information and photographs of Thomas to familiarize task force members with Thomas' physical appearance. (Pl.'s Resp. 1). A confidential informant provided the task force with information regarding Thomas' whereabouts, known associates and what type of vehicle he may be driving. (Pl.'s

Resp. 1). Based on this information members of the special task force followed a vehicle believed to contain Thomas and made a positive identification of Thomas by riding alongside the vehicle. (Pl.'s Resp. 2). Thomas was subsequently arrested and a .45 Automatic handgun was seized from Thomas' person.

Thomas was indicted as a felon in possession of a firearm on October 2, 2012. (Indictment, DN 1). Thomas filed a motion to suppress the firearm alleging his arrest was illegal. (Def.'s Mot. to Suppress Evidence, DN 27). The Magistrate Judge issued his Findings of Facts and Conclusions of Law regarding the Motion to Suppress. (R & R on Mot. to Suppress, DN 57). Thomas' counsel withdrew from this matter and Thomas failed to file timely objections. (Mot. to Withdraw as Attorney, DN 61). Thomas then obtained new counsel and filed the present Motion to Reopen Suppression Hearing, alleging multiple defects in his defense under his previous attorney. (Def.'s Mot. to Reopen Suppression H'rg, DN 69 ). The Magistrate Judge issued his Findings of Fact Conclusions of Law declining to reopen the suppression hearing. (R & R, DN 77). Thomas then filed his present Objections incorporating the arguments made in his Motion to Reopen Suppression Hearing and Reply. (Def.'s Objs. to the Magistrate Judge's Findings, Conclusions of Law, and Recommendations Regarding Def.'s Mot. Reopen Hearing on Mot. to Suppress, DN 79 [hereinafter Def.'s Objs.]). Having been fully briefed, the matter is ripe for decision.

## II. STANDARD OF REVIEW

In *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001), the Sixth Circuit articulated the proper standard of review of objections to a ruling or recommendation by a magistrate judge and stated:

> [Section] 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall

>apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or *for the suppression of evidence*, are governed by the *de novo* standard.

*Id.* at 603 (emphasis added) (internal citation omitted) (citation omitted).

### III. DISCUSSION

Thomas alleges that the Magistrate Judge incorrectly ruled his suppression hearing should not be reopened as Thomas' previous attorney made numerous errors that warrant reopening the issue of suppression. (Def.'s Mot. to Suppress 1). Specifically, Thomas points to several perceived defects in his previous counsel's representation related to the subpoenaing and questioning of certain witnesses. Based on the following, the Court overrules Thomas' objections and adopts the recommendation of the Magistrate Judge.

Although this Court has the discretion to reopen a suppression hearing, "[i]t should be extremely reluctant to do so." *United States v. Baker*, 562 F. App'x 447, 450 (6th Cir. Apr. 14, 2014) (internal quotation marks omitted) (citation omitted). The Court must consider several factors when considering a motion to reopen. "First, the party seeking to reopen must provide a reasonable explanation for failing to present the evidence initially." *United States v. White*, 455 F. App'x 647, 650 (6th Cir. 2012) (citing *United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2004) *vacated on other grounds by* 543 U.S. 1111 (2005)). Second, "the timeliness of the motion, the character of the testimony, the effect of granting the motion, and whether the opposing party will be prejudiced by reopening the hearing should be considered." *White*, 455 F. App'x at 650 (citation omitted).

In this case, Thomas fails to state a reasonable explanation for failing to call his desired witnesses and asking certain questions at the suppression hearing. Thomas essentially argues his

3

previous attorney failed to listen to him and pursued a litigation strategy he disagreed with. (Def.'s Mot. to Reopen Suppression H'rg 4-6). Thomas' disagreements with his previous attorney's conscious decisions in litigation are not a reasonable explanation for the perceived defects in the prior hearing. *See United States v. Pittman*, No. 15-5085, 2016 WL 929626, at *4 (6th Cir. Mar. 11, 2016) (declining to reopen a hearing when defendant alleged he told his attorney to raise an issue and attorney refused).

In addition, Thomas fails to provide any explanation why he failed to raise these objections in a timely manner. Thomas did not notify the Court of the alleged deficiencies in the suppression hearing until over a year after the hearing. The only conceivable reason for the substantial delay is Thomas' change of counsel, which is an insufficient basis to reopen a hearing. *See Id.* (affirming the district court's decision to reject reopening a hearing despite four changes in attorney).

Likewise, the character of the proposed evidence that was not brought to light during the suppression hearing would not have affected the Court's decision. The primary issue regarding suppression is whether the officers' stop of the vehicle was supported by a reasonable suspicion. Thomas does not dispute the warrant for his arrest was valid; rather, he argues that officer's lacked a reasonable suspicion that he was inside the vehicle when it was stopped. (Def.'s Mot. to Reopen Suppression H'rg 2-7).

Reasonable suspicion is determined by the totality of the circumstances and "[t]hat level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence." *United States v. Foster*, 376 F.3d 577, 584-85 (6th Cir. 2004) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Here, none of Thomas' proposed evidence and testimony refutes that a reasonable suspicion existed regarding Thomas' presence in the vehicle at the time of the stop.

4

Officers had knowledge of Thomas' appearance, location, known associates and the car in which he may be traveling. (Pl.'s Resp. 1-2). Therefore, the officers stop met the low bar of reasonable suspicion when they witnessed a vehicle matching the description given to them by a confidential informant and identified Thomas in the vehicle. (Pl.'s Resp. 1-2). Thomas presents few arguments to dispute reasonable suspicion in this case. He argues his attorney should have questioned whether the passenger side window was open or closed and subpoenaed witnesses to testify the windows of the vehicle were tinted. (Pl.'s Resp. 2-6). This evidence would not have affected the Court's decision that the officers' stop was supported by a reasonable suspicion based upon the strength of the information available to the officers leading up to the arrest.

Regardless of whether the window was up or down, tinted or untinted, officers could still see a man fitting the description of Thomas was inside of the type of vehicle in which he was traveling. (Pl.'s Resp. 1-2).[1] Granting a motion to reopen in this case would be an extraordinary measure, and the Court declines to do so in the absence of compelling reasons. *Baker*, 562 F. App'x. at 450. The Court thus adopts the Magistrate Judge's recommendation based on the lack of evidence in favor of Thomas and the strength of the evidence in support for a finding of reasonable suspicion.

Lastly, the Court declines to grant Thomas' Motion for Extension of Time. Thomas essentially seeks to retroactively file objections to the Magistrate Judge's Recommendations several months after Thomas could have filed a timely objection. (Def.'s Mot. for Extension for Time 3, DN 79). The foregoing has already established that such an objection would be futile. To the extent Thomas seeks to preserve his right of appeal, Thomas is free to appeal this Court's

---

[1] Thomas also claims he would present evidence regarding "cell tower data" that he was never in West Louisville at the time of his arrest. (Def.'s Mot. to Reopen Suppression H'rg 1). This argument is irrelevant to the issue of whether the officer's had a reasonable suspicion to stop Thomas.

ruling regarding the denial of his Motion to Reopen. Therefore, Thomas' Motion for Extension of Time will be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 77) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Thomas' Objections (DN 78) are **OVERRULED**. Therefore, Thomas' Motion to Reopen Suppression Hearing (DN 69) is **DENIED**. Further, Thomas' Motion for Extension of Time (DN 79) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 13, 2016

cc: counsel of record