**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO.  3:12-CR-00119-BJB-CHL-1**

**DONTRAE M. THOMAS,**                                           **Movant/Defendant.**

**v.**

**UNITED STATES OF AMERICA,**                          **Respondent/Plaintiff,**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court are several motions filed by Movant/Defendant Dontrae M. Thomas ("Thomas"): (1) a Motion for Evidentiary Hearing (DN 158); (2) a Motion for Discovery (DN 159); (3) a motion for removal of appointed counsel (DN 167); (4) a Motion to Correct Supplemental Memorandum in Support of Thomas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (DN 168); (5) a Motion to Have Appointed Counsel Removed from Case and Have Different Counsel Appointed (DN 175); and (6) two motions for status conference (DNs 186, 188).  The United States filed responses to some of the motions (DNs 165, 166) and as to those motions to which the United States did not respond, its time to do so has expired.  Thomas filed no replies, and his time to do so has expired.  This matter was initially referred to Magistrate Judge Dave Whalin "for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter." (DN 115.)  Upon Judge Whalin's retirement, this case was reassigned to the undersigned Magistrate Judge.  (DN 134; General Order 2018-08.)

Therefore, these matters are ripe for review.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual Background

The following summary of the basic facts of Thomas's case is taken from the factual basis

for his guilty plea as set forth in the plea agreement:

> In August, 2012, [ ] [Thomas] was wanted on an arrest warrant for a state criminal
> charge.  On August 22, 2012, he was located in the parking lot of a Kroger store on
> Bardstown Road.  When a U.S. Marshall's [*sic*] Fugitive Task Force member
> arrested him, [ ] [Thomas] had a loaded Astra model A75.45 caliber semiautomatic
> pistol bearing serial number 25525-95A in his pocket.  [ ] [Thomas] had previously
> been convicted by a court of a crime punishable by imprisonment for a period of
> one year or more.  The Astra firearm was manufactured outside Kentucky and had
> therefore traveled in interstate commerce prior to the date of the offense.

(DN 86, at PageID # 323-24.)  On October 2, 2012, Thomas was indicted on one count of being a

prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  (DN

1.)  After entering a guilty plea (DNs, 86, 88), pursuant to the Fed. R. Crim. P. 11(c)(1)(C) plea

agreement, Thomas was sentenced to 180 months in prison and five years of supervised release.

(DN 96.)

### B.      Procedural Background

On July 28, 2017, Thomas sent a letter to the Court requesting appointment of counsel to

assist with his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§

2255 motion").  (DNs 103, 111.)  The Court denied his motion in part because Thomas had not

yet filed a § 2255 motion and indicated that it was inclined to construe Thomas's motion as one

pursuant to 28 U.S.C. § 2255 to alleviate Thomas's concerns regarding the applicable statute of

limitations.  (DN 105.)  Because doing so would subject Thomas to the restrictions on successive

§ 2255 motions, the Court set Thomas a deadline to withdraw the document or amend it to contain

any pertinent claims.  (*Id.*; DN 108.)  Ultimately, on November 6, 2017, Thomas filed an amended

§ 2255 motion.  (DN 112.)  In his amended motion, Thomas raised nine grounds for relief, six of

2

which he listed collectively as ground one in his motion under the heading "ineffective assistance of counsel." (*Id.*)  Below is a list of Thomas's claims, paraphrased for efficiency and clarity:

1(a).   Counsel failed to investigate and/or gave Thomas incorrect advice regarding the availability of a justification defense;

1(b).   Counsel failed to subpoena certain specific witnesses to testify at the suppression hearing;

1(c).   Counsel reached an improper agreement with the prosecutor not to mention a particular officer during the suppression hearing;

1(d).   Counsel improperly handled and/or altered a particular motion tendered by Thomas to counsel;

1(e).   Counsel failed to investigate and/or obtain particular evidence including cell phone records, cell location data, and surveillance footage;

1(f).   Counsel improperly agreed to have the case declared complex and/or to continuances that denied Thomas his right to a speedy trial;

2.   Thomas's conviction was obtained by use of evidence obtained pursuant to an unconstitutional search and seizure;

3.   Prosecutorial misconduct; and

4.   A sentencing enhancement under the Armed Career Criminal Act ("ACCA") was improperly applied based on an unconstitutional prior conviction.

(*Id.*)

The Court directed the United States to answer Thomas's motion (DN 115), and on March 28, 2018, the United States filed its response.  (DN 124.)  The United States responded on the merits as to Thomas's ineffective assistance of counsel claims, alleged that his second ground for relief was procedurally defaulted, alleged that his third ground for relief was both meritless and procedurally defaulted, and argued that Thomas's fourth ground for relief was not cognizable. (DN 124.)  Thomas filed a reply in which he focused on the United States' arguments regarding ground 1(a) and challenging the notion that he failed to submit evidence in support of ground 1(b). (DN 129.)  Thomas also renewed his request for appointment of counsel.  (*Id.*)

On July 3, 2018, the Court entered an order finding that appointment of counsel was required and appointing attorney James A. Earhart to represent Thomas.  (DN 130.)  Of particular relevance to the motions now before the Court, the order appointing attorney Earhart noted that

"Thomas's primary claims of ineffective assistance of counsel are colorable and depend upon matters clearly outside the record so that it appears discovery along with an evidentiary hearing may well be needed." (*Id.* at PageID # 553.) The matter was delayed for some time while attorney Earhart attempted to obtain a copy of Thomas's file from Thomas's former counsel. (DNs 135, 136, 137, 138, 139, 140, 144.)

In an order entered on March 29, 2019, the Court gave attorney Earhart time to review the case and file any necessary motions as well as to supplement Thomas's amended § 2255 motion. (DN 145.) This deadline was subsequently extended multiple times at counsel's request. (DNs 149, 154, 156.) Attorney Earhart subsequently filed a supplement to Thomas's § 2255 motion (DN 157), to which the United States filed a supplemental response (DN 164). Attorney Earhart included all Thomas's initial claims but added an additional claim of ineffective assistance of counsel, which the Court sets forth below as an addition to the list of claims above:

> 1(g).   Counsel failed to investigate prior criminal convictions to show that they were unconstitutional.

(DN 157, at PageID # 621.)

Attorney Earhart also filed the instant Motion for Evidentiary Hearing (DN 158), Motion for Discovery (DN 159), and a Motion to Correct Supplemental Memorandum (DN 168). Thomas then filed two motions to have attorney Earhart removed from this case and requested that either another attorney be appointed or that the Court allow Thomas to proceed *pro se*. (DNs 167, 175.) Attorney Earhart subsequently filed two motions for a status conference to clarify his status as Thomas's appointed counsel. (DNs 186, 188.) These motions are now before the Court and will be addressed below.

## II.    DISCUSSION

### A.    Thomas's Motions to Remove Appointed Counsel (DNs 167, 175)

Thomas moved to have his appointed counsel removed from his case.  (DNs 167, 175.)  In support, Thomas stated that attorney Earhart's "performance has not been satisfactory." (DN 167.) He stated he instructed attorney Earhart not to attempt to obtain a copy of Thomas's client file from Thomas's prior counsel, Frank Mascagni, because "under no circumstances would Mascagni ever provide [Earhart] with the case file because it contained evidence of Mascagni[']s unethical behavior and ineffectiveness . . . ."  (DN 175, at PageID # 784.)  Thomas indicated in his motion that he directed attorney Earhart to proceed without obtaining the client file and that Thomas "would not be ignored and railroaded for a second time by his own attorney and that if Mr. Earhart would not respect his wishes and do as he asked then he wanted [Earhart] to immediately withdraw from the case." (*Id.*)  Thomas stated that, despite his instructions, Earhart continued to try to obtain the client file from Mascagni causing undue delay in Thomas's case.  (*Id.* at 784-85.)  Thomas requested that the Court either appoint him new counsel or allow him to proceed *pro se*. (*Id.* at 786.)

There is no constitutional right to counsel in post-conviction proceedings.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Instead, and as set forth in this Court's prior orders (DNs 105, 130), where "the interests of justice so require," a court may appoint counsel to a person seeking relief under section 2255.  18 U.S.C. § 3006A(a)(2)(B).  In determining whether the interests of justice so require, the court should consider whether a prisoner has brought non-frivolous claims, "the factual and legal complexities of the case, the prisoner's ability to investigate and present clams, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).  There is a limited statutory right to appointed counsel in a section

2255 proceeding where either the court has determined that an evidentiary hearing is required or the court has determined that appointment of counsel is "necessary for effective discovery" where leave of court has been granted to conduct discovery. Rule 8(c), Rules Governing Section 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); *Id.* at Rule 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

This Court previously appointed counsel for Thomas because it concluded that his "primary claims of ineffective assistance of counsel [we]re colorable and depend[ed] upon matters clearly outside the record so that it appears that discovery along with an evidentiary hearing may well be needed." (DN 130, at PageID # 553.) In making this determination, the Court

> considered the factual and legal complexities of the arguments raised, the ability of Thomas to investigate and present his claims of ineffective assistance of counsel, the existence of potentially conflicting testimony related to those Sixth Amendment claims, and other relevant factors such as the purported existence of an undisclosed agreement between the government and defense counsel, as well as, defense counsel's alleged conflict arising from his own IRS-related tax problems at the time.

(*Id.*) The Court observed at the time that both discovery and an evidentiary hearing may well be required (*id.*), and as set forth below, now concludes that an evidentiary hearing and some limited discovery is required. Thus, appointment of counsel to Thomas is mandatory under the Rules Governing Section 2255 Proceedings. As such, the Court will not permit Thomas to proceed *pro se*.

As to his request to have his appointed counsel removed, Thomas has cited no authority to support that he is entitled to appointed counsel of his choice. While there is a dearth of case law on this issue as to habeas petitioners, when counsel is appointed for an indigent criminal defendant

under the other provisions of 18 U.S.C. § 3006A, the Sixth Circuit has made clear that an indigent defendant is not entitled to counsel of his choice. *United States v. Marrero*, 651 F.3d 453, 464 (6th Cir. 2011). Instead, in such cases, in order to justify appointment of new counsel, a defendant must demonstrate good cause to warrant substitution of counsel. *United States v. Ile*s, 906 F.2d 1122, 1130 (6th Cir. 1990). An analysis of good cause requires an inquiry into whether the conflict between counsel and the defendant has "resulted in a total lack of communication preventing an adequate defense." *Marrero*, 651 F.3d at 464 (quoting *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996)). Such a showing requires more than just unsatisfactory communications, disagreement as to defense counsel's strategy, or a defendant's "differences of opinion with his attorney." *Id.* at 466; *Jennings*, 83 F.3d at 149. Further, "lack of communication resulting from a defendant's refusal to cooperate with his attorney does not constitute good cause for substituting counsel." *Marrero*, 651 F.3d at 467 (citing *United States v. Vasquez*, 560 F.3d 461, 468 (6th Cir. 2009)). Given that that an indigent defendant has the constitutional right to counsel in the underlying criminal case, the Court sees no reason why a higher standard should apply to a habeas petitioner seeking removal of appointed counsel  Thus, the Court will apply the same standard to Thomas's request.

Applying this standard, Thomas has not demonstrated that there is a total lack of communication between himself and attorney Earhart that prevents his adequate defense. Instead, it is clear that Thomas is frustrated with what he views as unnecessary delay in these proceedings and what he views as attorney Earhart's contributions to the same. This does not constitute good cause at this stage for the Court to withdraw Earhart and appoint Thomas new counsel. The Court does not agree with Thomas that Earhart has caused unnecessary delay in this case. Further, given Thomas's concern about delay, the Court notes that granting Thomas's request would have worked

additional delay as a new attorney would have needed time to review Thomas's case and get up to speed before being prepared to conduct the discovery and evidentiary hearing discussed below. Accordingly, Thomas's Motions to Remove Appointed Counsel (DNs 167, 175) are **DENIED**.

Nonetheless, as set forth below, the Court will hold a telephonic status conference in this case to put the matter on track for an evidentiary hearing and resolution.  Given Thomas's expressed dissatisfaction with his appointed counsel, the Court will direct that Thomas be present on the phone call and will address further issues regarding counsel during the call if necessary.

### B.    Motion to Correct Supplemental Memorandum (DN 168)

Thomas, via attorney Earhart, requested leave to correct his supplemental memorandum in support of his § 2255 motion.  (DN 168.)  He tendered with his motion a supplemental corrected memorandum.  (DN 168-2.)  The United States did not file a response or objection to the request, and therefore, the Court will grant the same.  However, because the request to file a corrected memorandum came after the United States had already filed its supplemental response (DN 164), the Court will grant the United States ten days from entry of the instant order to file a supplement to its response based on the corrections if necessary.

### C.    Motion for Evidentiary Hearing (DN 158)

Thomas filed a Motion for Evidentiary Hearing.  (DN 158.)  Both in his motion and in the supplemental memorandum in support of his § 2255 motion, Thomas contended that the applicable standard supported holding an evidentiary hearing in his case because his motion presents colorable claims that arise from matters outside the record.  (DN 157, at PageID # 647-50; DN 158.)  Thomas indicated that at an evidentiary hearing, he would call numerous witnesses including his former counsel Frank Mascagni, Chauncey Carthan, Shawanda Carter, Tony Cater, Michael McGrath, Bobby Hill, Jessalin Evans, Sherlin Owens, Dagen Hudson, and the Assistant United

States Attorney working on this case, Tom Dyke.  (DN 158, at PageID # 655-60.)  The United States opposed arguing that an evidentiary hearing is not necessary given that Thomas's claims are meritless.  (DN 165.)

Rule 8(a) of the Rules Governing Section 2255 Proceedings provides that "[i]f is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  The hearing is mandatory "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (citation omitted)).  However, the statute does not require a "full blown evidentiary hearing in every instance."  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).  Instead, any hearing " must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."  *Id.*  Where a factual dispute exists, the court must hold an evidentiary hearing to determine the truth of the petitioner's claims.  *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999) (citation omitted).

Having reviewed the record and briefs in this case, the undersigned concludes that an evidentiary hearing is necessary to further develop the record as to Thomas's ineffective assistance of counsel claims, listed as 1(a)-1(g) above.  As to those grounds, the record at this stage does not *conclusively* show that Thomas is not entitled to relief and the claims are largely based on issues either outside the factual record or on which additional testimony or evidence is necessary.  However, the undersigned finds that an evidentiary hearing is not required on Thomas's grounds two through four listed above.  As to grounds two and three, Thomas has not presented sufficient

evidence or argument on the issue of whether his claim is procedurally defaulted to justify an evidentiary hearing.  As to ground four, Thomas has not presented sufficient evidence or argument on the issue of whether he has stated a cognizable claim to justify an evidentiary hearing.

Accordingly, Thomas's Motion for Evidentiary Hearing (DN 158) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

### D.   Motion for Discovery (DN 159)

Thomas also moved for discovery related to his § 2255 motion.  (DN 159.)  He requested leave to serve nine requests for production of documents on the United States "[t]o demonstrate the inconsistent and false information provided to the district court by the United States['] witness at the hearing on the motion to suppress."  (*Id.* at PageID # 669.)  He also requested leave to serve ten interrogatories on the United States "[t]o obtain information from the United States about the actual events surrounding the identification and arrest of Thomas and its interaction with Mascagni relative thereto and why LMPD Officer Chauney Carthan and others were not called as a witness by the United States or Mascagni at the suppression hearing."  (*Id.*)

Rule 6 of the Rules Governing Section 2255 Proceedings provides that the court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Rule 6(b) requires a party seeking discovery to "provide reasons for the request" and include the proposed discovery with the request.  Good cause is shown where the movant provides "specific allegations . . . [that] show reason to believe that the [movant] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Post v. Bradshaw*, 621 F.3d 406, 425 (6th Cir. 2010) (quoting *Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir. 2001)).  "The burden of

demonstrating the materiality of information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). However, "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.' " *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Rector v. Johnson,* 120 F.3d 551, 562 (5th Cir. 1997)). "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id.* (quoting *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994)). Finally, before addressing whether a movant is entitled to discovery, the Court must first identify the "essential elements" of his or her claims.[1]  *Bracy*, 520 U.S. at 904. The Court will do so below in reference to the categories of discovery sought in Thomas's motion.

> **1.    Discovery Related to Mascagni's Purported Failure to Subpoena Witnesses, Develop Testimony, and Investigate Physical Evidence**

A large portion of the discovery Thomas sought is related to law enforcement's investigation of him, his arrest, and other issues related to the suppression hearing in his case. The claims related to these issues are Thomas's ineffective assistance of counsel claims and specifically those listed in the heading above. Where a movant brings claims of ineffective assistance of counsel, he or she must show that (1) counsel's performance was deficient and (2) that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it fell below an "objective standard of reasonableness" based on "prevailing professional norms." *Id.* at 688. Where a defendant has entered a guilty plea, the "prejudice" prong focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process," specifically whether "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

---

[1] Thomas's proposed discovery requests relate only to grounds one through three of his petition. Accordingly, the Court will not address the applicable standard as to ground four.

11

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Looking at Thomas's proposed requests with these elements in mind, most of the proposed requests are improper.

In particular, the Court finds all of Thomas's proposed requests for production and Interrogatories Nos. 1, 2, and 10 improper.  Request for Production No. 1 is for "all investigative reports, records, documents, emails recordings that relate in any way to the investigation and/or arrest of Thomas on or about August 8, 2012." (DN 159-1, at PageID # 672.)  Request for Production No. 2 is for "investigative reports, records, documents, notes, emails or recordings of any kind that relate to the information provided by the confidential informant to law enforcement" or Thomas's arrest.  (*Id.* at 673.)  Request for Production No. 3 is for documents related to the anticipated testimony of the witnesses he identifies in his motion.  (*Id.*)  Request for Production No. 4 is for any *Brady* evidence in the possession of the government.  (*Id.* at 674.)  Request No. 5 is for impeachment evidence in the government's possession.  (*Id.* at 674-75.)  Request No. 6 is for "all photographs, slides, videotapes, audiotapes, motion picture films, drawings or illustrations" related to the investigation and arrest of Thomas.  (*Id.* at 675.)  Request No. 7 is for "notes, diaries, logs, ledgers, calendars and any other documentation maintained by law enforcement" related to the investigation and arrest of Thomas.  (*Id.* at 676.) Request for Production No. 8 is for all correspondence between the United States and Mascagni related to Thomas's case.  (*Id.*)  Request No. 9 is for any grand jury transcripts.  (*Id.* at 676.)  Interrogatory Nos. 1 and 2 are for the names of witnesses and persons with knowledge regarding this case and what discoverable information they possess.  (DN 159-2, at PageID # 679-80.)  And finally, Interrogatory No. 10 requests the information provided by the confidential informant to law enforcement relative to Thomas.  (*Id.* at 683.)

Though these documents do relate on some level to the factual background of Thomas's ineffective assistance of counsel claims regarding Mascagni's purported failure to subpoena witnesses, develop certain testimony at the suppression hearing, and investigate certain physical evidence, the Court finds that Thomas has not sufficiently alleged the materiality of these documents to his proof of either deficient performance or prejudice. Instead, this request reads as an overbroad fishing expedition intended to allow Thomas to search for other evidence that would allow him to prove either his innocence or other grounds on which to seek habeas relief. This is improper. Though the Court recognizes that there is some overlap between these issues given the charge against Thomas and the aim of the motion to suppress, the proposed discovery appears tied too much to Thomas's guilt or innocence instead of his counsel's conduct. Thomas has not made or supported an actual innocence claim in his § 2255 motion. While the Court understands why Mascagni might have wanted these documents and this information in defending Thomas on the underlying criminal charge, Thomas has not sufficiently alleged how these documents and the information sought are relevant to his ineffective assistance of counsel claims. Accordingly, Thomas's Motion for Discovery (DN 159) is **DENIED** as to Requests for Production Nos. 1-9 and Interrogatory Nos. 1, 2, and 10.

### 2.      Discovery Related to Alleged Prosecutorial Misconduct

As set forth above in addressing Thomas's Motion for Evidentiary Hearing, Thomas has not presented sufficient argument or evidence on the issue of whether ground three of his § 2255 motion is procedurally defaulted and whether he can show cause and prejudice for that default. The Sixth Circuit has consistently held that a § 2255 motion may not be used to re-litigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in the law. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Additionally, "[w]here a

defendant has procedurally defaulted on a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986), *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), and *Smith v. Murray*, 477 U.S. 527, 537 (1986)).  Notably, under the cause and prejudice test, "cause" must be something that cannot be fairly attributed to the movant.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  Thomas's Interrogatory Nos. 4, 5, and 9 all relate to this ground.  Interrogatory No. 4 requests the identify of the law enforcement officer who had contact with the confidential informant and related information regarding those communications.  (DN 159-2, at PageID # 681.)  Interrogatory No. 5 requests the basis or source of certain statements in the United States' response to his Motion for *In Camera* Review.  (*Id.* at 681.)  Interrogatory No. 9 requests any discussions between the United States and LMPD Officer Carthan regarding the arrest of Thomas.  (*Id.* at 682.)  These topics do not specifically relate to how Thomas could show cause and prejudice for his alleged default, and as such, the Court finds that Thomas has not demonstrated that if the facts are fully developed, he is entitled to relief as to ground three.  Therefore, Thomas's Motion for Discovery (DN 159) is **DENIED** as to Interrogatory Nos. 4, 5, and 9.

### 3.    Discovery Related to Mascagni's Conflict of Interest

The remainder of the discovery is related to Mascagni's alleged conflict of interest.  The same elements of an ineffective assistance of counsel claim are applicable in this context.  The Court finds that Interrogatory Nos. 3, 6, 7, and 8 all relate to this claim and are proper areas of inquiry.  Interrogatory No. 3 requests the content of communications between the United States and Mascagni regarding calling LMPD Officer Carthan as a witness.  (DN 159-2, at PageID #

680.)  Interrogatory No. 6 requests whether the United States was aware of Mascagni's arrest and the nature of the investigation.[2]  (*Id.* at PageID # 681-82.)  Interrogatory No. 7 relates to discussions between Mascagni and the United States regarding subpoenaing Officer Carthan to testify.  (*Id.* at 682.)  Interrogatory No. 8 relates to any discussion between the United States and Mascagni regarding witnesses to be called at the suppression hearing.  (*Id.* at 682.)  Given the discussion of Mascagni's alleged conflict of interest in Thomas's § 2255 motion and as supplemented by his appointed counsel, the Court finds that Thomas has demonstrated facts that if fully developed may entitled him to relief on this issue.  Thus, discovery related to that ground is appropriate.  The listed interrogatories are tied to establishing Mascagni's deficient performance and/or prejudice to Thomas.   Accordingly, Thomas's Motion for Discovery (DN 159) is **GRANTED** as to Interrogatory Nos. 3, 6, 7, and 8.

     **E.**     **Motions for Status Conference (DNs 186, 188)**

     Thomas filed two motions for status conference requesting that the Court hold a status conference to determine whether attorney Earhart would continue to represent Thomas in light of Thomas's motions to have attorney Earhart removed and the status of the pending motions.  (DNs 186, 188.)  As the pending motions and Earhart's status as counsel have all been addressed in the instant memorandum opinion and order, a status conference is not necessary for the reasons requested by Thomas.  Nonetheless, given the Court's ruling above allowing Thomas to conduct discovery and directing that this matter be set for an evidentiary hearing, the Court finds it prudent to conduct a status conference to set deadlines related to those tasks and schedule an evidentiary

---

[2] As set forth in Thomas's supplemental memorandum in support of his § 2255 Motion, Mascagni was the subject of a tax investigation and ultimately arrested for his failure to comply with a petition to enforce IRS summons.  (DN 157, at PageID # 638.)

hearing.  As set forth above, the Court will also address any lingering issues regarding counsel at that time.

Accordingly, Thomas's Motions for Status Conference (DNs 186, 188) are **GRANTED**. Counsel shall confer regarding a proposed schedule for conducting the discovery allowed above and an estimate on when they will be prepared to proceed to an evidentiary hearing that allows sufficient time to secure Thomas's presence then contact the undersigned's Case Manager, as set forth below, to schedule a status conference.  Defense counsel shall make arrangements for Thomas to be present via phone at the status conference.

III. **ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)     Thomas's Motions to Remove Appointed Counsel (DNs 167, 175) are **DENIED**.

(2)     The Motion to Correct Supplemental Memorandum in Support of Thomas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (DN 168) is **GRANTED**. The Clerk is directed to detach and separately file Thomas's corrected supplemental memorandum (DN 168-2).  If necessary, the United States may supplement its response (DN 164) no later than **ten days** after entry of the instant order.

(3)     Thomas's Motion for Evidentiary Hearing (DN 158) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.  After the Court has set a schedule for the completion of discovery, the Court will schedule an evidentiary hearing by separate order.

(4)     Thomas's Motion for Discovery (DN 159) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.  The motion is **DENIED IN PART** as to Requests for Production Nos. 1-9 and Interrogatory Nos. 1, 2, 4, 5, 9, and 10.  The motion is **GRANTED IN PART** as to

16

Interrogatory Nos. 3, 6, 7, and 8.  Thomas is granted leave to serve those interrogatories on the United States.

(5)      Thomas's Motions for Status Conference (DNs 186, 188) are **GRANTED**.  On or before **February 28, 2022**, counsel shall confer regarding a proposed schedule for conducting the discovery allowed above and an estimate on when they will be prepared to proceed to an evidentiary hearing that allows sufficient time to secure Thomas's presence then jointly contact the undersigned's Case Manager, Theresa Burch, via e-mail, at theresa_burch@kywd.uscourts.gov, to schedule a telephonic status conference.  Defense counsel shall make arrangements for Thomas to be present via phone at the telephonic status conference and may reach out to the Court for assistance if necessary.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record, Movant Dontrae Thomas

February 11, 2022